IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAVAR HAREWOOD,

    Plaintiff,

v.   No. 18-4075-SAC

CLOUD COUNTY COMMUNITY
COLLEGE,

    Defendant.

MEMORANDUM AND ORDER

In his single-count complaint asserting diversity jurisdiction, the plaintiff Lavar Harewood alleges the head basketball coach and head athletic trainer for Cloud County Community College ("CCCC") were negligent in diagnosing and treating an injury to his right ankle. Harewood attended CCCC on a basketball scholarship during the 2016-2017 year and injured his right ankle during basketball practice "when he came down on another player's foot." ECF# 1, ¶ 7. The plaintiff specifically alleges, "CCCC breached its duty to Lavar by not properly treating his injuries and refusing to allow Lavar to see a physician and/or have ankle examined by either an MRI or x-ray." *Id.* at ¶ 20.

CCCC moves for summary judgment arguing: 1) plaintiff failed to file the notice of claim required by K.S.A. § 12-105b which deprives this court of subject matter jurisdiction; 2) plaintiff's action is barred by the

1

"Release and Hold Harmless Agreement" he signed to participate in CCCC's intercollege athletics; and 3) plaintiff's tort action is barred by recreational use immunity under the Kansas Tort Claims Act ("KTCA"). ECF# 33. The plaintiff opposes summary judgment arguing his tort claim is not subject to the KTCA and the notice requirement of K.S.A. § 12-105b and even if it was, then he has substantially complied with the requirement. The plaintiff contends his claim for lack of proper care and treatment is not covered by the release or the recreational use immunity.

**SUMMARY JUDGMENT STANDARDS**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding the motion, the court's role is "is not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* at 249. The court may grant summary judgment for lack of a genuine issue when the evidence is insufficient "for a jury to return a verdict," when "the evidence is merely colorable," or when the evidence "is not significantly probative." *Id.* It follows then that a genuine issue for trial exists when "there is sufficient evidence on each side so that a rational trier

of fact could resolve the issue either way." *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998).

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden is met "by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Adler*, 144 F.3d at 671. The burden then shifts to the nonmovant to "go beyond the pleadings and set forth specific facts that would be admissible in evidence in the event of trial from which a rational fact finder could find for the nonmovant." *Id*. (internal quotation marks and citations omitted). Such facts "must be identified by reference to affidavits, deposition transcripts, or specific exhibits incorporated therein." *Id*.

Mr. Harewood played basketball for CCCC during the 2016-2017 school year and injured his right ankle during practice on December 30, 2016, when he came down on another player's foot. He resumed playing basketball games at CCCC on January 18, 2017. He graduated from CCCC and returned to his home in New York where he sought and received additional medical treatment for his ankle injury beginning on May 18, 2017.

The plaintiff filed his complaint in this court on August 8, 2018, alleging one count of negligence in diagnosing, caring for and treating plaintiff's ankle injury. The plaintiff's complaint includes no allegation of having filed a notice of claim pursuant to K.S.A. § 12-105b(d). The

defendant's answer includes among its affirmative defenses: immunity under one or more KTCA exclusions, release, and lack of subject matter jurisdiction.

**Notice of Claim Requirement under K.S.A. § 12-105b(d)**

Under the Uniform Procedure for Payment of Claims Act, K.S.A. § 12-105a *et seq.*, a "municipality" is defined to include a "community junior college." 12-105a(a). It also defines "governing body" to mean "board of trustees of a community junior college." *Id.* 12-105a(b). The Act requires the following procedure for a claim against a municipality under the KTCA:

> Any person having a claim against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act shall file a written notice as provided in this subsection before commencing such action. The notice shall be filed with the clerk or governing body of the municipality and shall contain the following: (1) The name and address of the claimant and the name and address of the claimant's attorney, if any; (2) a concise statement of the factual basis of the claim, including the date, time, place and circumstances of the act, omission or event complained of; (3) the name and address of any public officer or employee involved, if known; (4) a concise statement of the nature and the extent of the injury claimed to have been suffered; and (5) a statement of the amount of monetary damages that is being requested. In the filing of a notice of claim, substantial compliance with the provisions and requirements of this subsection shall constitute valid filing of a claim. The contents of such notice shall not be admissible in any subsequent action arising out of the claim. Once notice of the claim is filed, no action shall be commenced until after the claimant has received notice from the municipality that it has denied the claim or until after 120 days has passed following the filing of the notice of claim, whichever occurs first. A claim is deemed denied if the municipality fails to approve the claim in its entirety within 120 days unless the interested parties have reached a settlement before the expiration of that period. No person may initiate an action against a municipality or against an employee of a municipality unless the claim has been denied in whole or part. Any action brought pursuant to the Kansas tort claims act shall

> be commenced within the time period provided for in the code of civil procedure or it shall be forever barred, except that, a claimant shall have no less than 90 days from the date the claim is denied or deemed denied in which to commence an action.

K.S.A. § 12-105b(d). "The notice requirements in K.S.A. 12–105b(d) are mandatory and a condition precedent to bringing a tort claim against a municipality." *United States ex rel. Coffman v. City of Leavenworth, Kansas*, 303 F.Supp.3d 1101, 1132 (D. Kan. 2018) (internal quotation marks and citations omitted), *aff'd*, --- Fed. Appx. ---, 2019 WL 2068471 (10th Cir. May 10, 2019). "'The filing of a proper notice is a prerequisite to the filing of an action in district court,' and if it is not met, 'the court cannot obtain jurisdiction over the municipality.'" *Folkers v. Drill*, 2015 WL 4598777, at *7 (D. Kan. July 29, 2015) (quoting *Dodge City Implement, Inc. v. Bd. of County Com'rs of County of Barber*, 288 Kan. 619, 639, 205 P.3d 1265, 1281 (Kan. 2009)). The Kansas Supreme Court has said this about the 120-day review period in 12-105b(d):

> We hold that the 120–day review period requirement of K.S.A. 2012 Supp. 12–105b(d) establishes a statutory condition precedent that must be met before a court has subject matter jurisdiction over a claim against a municipality under the Kansas Tort Claims Act. Its time constraint may be shortened only if a municipality acts to deny the claim in whole or in part before a petition is filed in the district court. The 120–day review period cannot be waived to give a court subject matter jurisdiction over a prematurely filed lawsuit.

*Sleeth v. Sedan City Hospital*, 298 Kan. 853, 871, 317 P.3d 782, 794 (2014).

The plaintiff argues he is not bringing a claim subject to the KTCA, and, therefore, the requirements of K.S.A. § 12-105b(d) do not apply. The plaintiff contrasts the definition of "municipality" in § 12-105a(a) with its express reference to "community college" against the definition of "municipality" in the KTCA, K.S.A. § 75-6102(b), without a reference to "community college." Based on this distinction alone, the plaintiff concludes that community colleges are not covered by the KTCA. The plaintiff has no other legal authority for this position other than to remark that his research "has failed to identify a case in which a Kansas community college has been included within the definition of municipality contained with K.S.A. 75-6102." ECF# 36, p. 7.

The plaintiff's argument lacks any legal authority. First, the Kansas Supreme Court has interpreted the listing of different kinds of municipal entities, which includes "community junior college" in K.S.A. 12-105a(a), as specific instances within the classification of "political subdivision or taxing unit." *Rockers v. Kansas Turnpike* Authority, 268 Kan. 110, 115, 991 P.2d 889 (1999). It follows then that the Kansas Legislature intended "community junior college" to be a "municipality" not only under K.S.A. 12-105a(a) but also under K.S.A. 75-6102(b)'s inclusion of "other political or taxing subdivision." *See Vannahmen v. Dodge City Community College*, 17-CV-1174-EFM, 2018 WL 6324910, at *7 n. 37 (D. Kan. Dec. 4, 2018) ("[C]ommunity colleges are considered political subdivisions under Kansas

law. *Bland v. Kan. City Cmty. Coll.*, 271 F. Supp. 2d 1280, 1287 (D. Kan. 2003).") Second, the KTCA has been applied to tort claims against community colleges. *See, e.g.*, *Lain v. Johnson County Community College*, No. 13-CV-2201-JWL, 2013 WL 4052924, at *1 (D. Kan. Aug. 12, 2013). Finally, this court, in a suit alleging tort claims against Hutchinson Community College and some of its instructors, held:

> Finally, the defendant HCC argues the plaintiff's failure to comply with K.S.A. § 12-105b(d). This provision requires a person asserting a claim "against a municipality or against an employee of a municipality which could give rise to an action brought under the Kansas tort claims act" to file a written notice "with the clerk or governing body of the municipality" that contains all the required information. K.S.A. § 12-105b(d). A "municipality" includes the definition found at K.S.A. § 12-105a. *Rockers v. Kansas Turnpike Authority*, 268 Kan. 110, 115, 991 P.2d 889 (1999). This definition expressly includes a "community junior college." K.S.A. § 12-105a. Thus, K.S.A. § 12-105b(d) requires the plaintiff to give written notice to HCC, as a municipality, before bringing tort claims against it. This requirement is "jurisdictional like" such that, "[i]f the statutory requirements are not met, the court cannot obtain jurisdiction over the municipality." *Myers v. Bd. of Cty. Comm'rs of Jackson Cty.*, 280 Kan. 869, 877, 127 P.3d 319 (2006).

*Coffman v. Hutchinson Community College*, No. 17-4070-SAC, 2017 WL 4222981, at *4 (D. Kan. Sept. 22, 2017). The court concludes that the plaintiff's action is subject to the KTCA and to the requirements of K.S.A. 12-105b(d).

The plaintiff next argues he has substantially complied with K.S.A. 12-105b(d) by sending a written demand letter dated July 5, 2018, addressed to "Cloud County Community College" and to the attention of "Risk Manager." ECF# 36-3. The plaintiff acknowledges that, "[n]o response

to this letter was received by Lavar or his counsel prior to initiating this suit." ECF# 36, p. 9. The plaintiff filed this action on August 8, 2018. Thus, the plaintiff filed this action without satisfying the 120-day review period requirement of K.S.A. 12-105b(d).[1] This requirement is "a statutory condition precedent that must be met before a court has subject matter jurisdiction over a claim against a municipality under the Kansas Tort Claims Act." *Sleeth*, 298 Kan. at 871. This requirement "cannot be waived to give a court subject matter jurisdiction over a prematurely filed lawsuit." *Id.*

The plaintiff's arguments are unavailing for equitable estoppel based on the defendant's failure to plead this requirement by statutory reference and failure to file a dispositive motion before the "alleged running" of the plaintiff's statute of limitations and before incurring significant discovery expenses. ECF# 36, pp. 9-11. The Kansas case law cited above establish that the notice and waiting requirements of K.S.A. 12-105b(d) are "a statutory condition precedent that must be met before a court has subject matter jurisdiction." *Sleeth*, 298 Kan. at 871. Subject matter jurisdiction "cannot be conferred by consent, waiver, . . . estoppel" or "by failing to object to the court's lack of jurisdiction." *Sleeth*, 298 Kan. at 868.

---

[1] The plaintiff also did not substantially comply with the statute, because he did not file the notice with the board of trustees of CCCC. *See Midwestern Motor Coach Co. v. Blattner*, No. 02-2483-KHV, 2003 WL 21105083, at*4 (D. Kan. Apr. 10, 2003); *Myers v. Board of Jackson County Comm'rs*, 280 Kan. 869, 874-77, 127 P.3d 319 (2006). He did not send the demand letter to anyone having charge or control over CCCC.`

Consequently, the plaintiff's arguments have no traction in light of *Sleeth*, and similar arguments have been soundly rejected by the Kansas Court of Appeals:

> Although we are sympathetic to Morgan's argument, we cannot say that it was improper for the county to wait to seek dismissal until after the statute of limitations had run. As indicated above, the county had included in its answer a denial of Morgan's averment that he had complied with the notice of claim requirements set forth in K.S.A. 2016 Supp. 12-105b(d) and it had also asserted subject matter jurisdiction as a defense. Moreover, as this court has previously found, "[e]quitable arguments and doctrines, no matter how compelling, are insufficient by themselves to confer subject matter jurisdiction upon a court." *Fox v. Fox*, 50 Kan. App. 2d 62, 66, 322 P.3d 400 (2014); *see also Farmers State Bank, Wathena, Kansas v. Orcutt*, No. 105,835, 2012 WL 1920329 (Kan. App. 2012) (unpublished opinion) ("[T]he doctrines of laches and waiver ... are both equitable doctrines that do not affect the court's subject matter jurisdiction.").
> Subject matter jurisdiction is vested by statute, and it establishes a court's authority to hear a particular type of action. *Pieren-Abbott v. Kansas Dept. of Revenue*, 279 Kan. 83, 92, 106 P.3d 492 (2005). As a creature of statute, the parties cannot confer subject matter jurisdiction by consent nor can they convey subject matter jurisdiction on a court by failing to object. *Kansas Bd. of Regents v. Skinner*, 267 Kan. 808, Syl. ¶ 5, 987 P.2d 1096 (1999). Thus, we do not find that the district court erred in granting judgment to Doniphan County as a matter of law based on lack of subject matter jurisdiction.

*Morgan v. Board of County Commissioners of County of Doniphan*, No. 117,538, 2017 WL 6063090, at *8, 406 P.3d 923 (Kan. App. 2017)(unpub. op.), *rev. denied*, 308 Kan. Adv. No. 3 p. VIII (Aug. 30, 2018). There are no substantial questions of material fact precluding dismissal of this case for lack of subject matter jurisdiction.

Having commenced his action before CCCC denied the claim or the 120-day review period expired, the plaintiff has not complied with K.S.A.

9

12-105b(d), and dismissal for lack of subject matter jurisdiction is necessary. *See Lara v. Unified Sch. Dist. #£501*, 2009 WL 3382612, 350 Fed. Appx. 280, 284–85 (10th Cir. 2009)(unpub). The plaintiff's failure to comply with 120-day review period means the court "did not acquire jurisdiction over" the plaintiff's action and "compels dismissal" of the claims for lack of subject matter jurisdiction without an opportunity for curing the defect and amending complaint. *Talavera v. Southwest Medical Center*, No. 09-2572-JWL, 2010 WL 3001723, at *3 (D. Kan. Jul. 28, 2010). The court dismisses the plaintiff's action for lack of subject matter jurisdiction without prejudice. See *Wanjiku v. Johnson County*, 173 F. Supp. 3d 1217, 1236–37 (D. Kan. 2016); *Debbrecht v. City of Haysville, Kan.*, No. 10–CV–1419–JAR, 2012 WL 1080923, at *1 (D. Kan. Mar. 29, 2012).

IT IS THEREFORE ORDERED that the defendant CCCC's motion (ECF# 32) is granted insofar as this action is dismissed without prejudice for lack of subject matter jurisdiction.

Dated this 28th day of June, 2019, Topeka, Kansas.

/s Sam A. Crow_____
Sam A. Crow, U.S. District Senior Judge